IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CUSTOM MEDIA TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION,<br><br>Defendant. | ) | C.A. No. 13-1421 (LPS) |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Ethan H. Townsend (#5813)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
etownsend@mnat.com

*Attorneys for Comcast Corporation*

October 7, 2013

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................... ii

I. NATURE AND STAGE OF THE PROCEEDINGS .................... 1

II. SUMMARY OF THE ARGUMENT .................... 1

III. STATEMENT OF FACTS .................... 1

IV. ARGUMENT .................... 2

A. Custom Media Has Failed to State a Claim Upon Which Relief May be Granted .................... 2

V. CONCLUSION .................... 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................ 1, 2, 3

*Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*,
No. 609-269, 2010 WL 5175172 (E.D. Tex. Mar. 29, 2010) ........................................ 6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................ 1, 2, 3

*Clouding IP, LLC v. Amazon.com, Inc.*,
C.A. Nos. 12-641 (LPS), 12-642 (LPS), 12-675 (LPS), 2013 WL 2293452 (D. Del. May 24, 2013) ........................................ 4

*Eidos Commc'ns, LLC v. Skype Techs. SA*,
686 F. Supp. 2d 465 (D. Del. 2010) ........................................ 3, 4, 5, 6

*Fifth Mkt., Inc. v. CME Grp., Inc.*,
C.A. No. 08-520 (GMS), 2009 WL 5966836 (D. Del. May 14, 2009) ........................................ 3, 4, 5

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) ........................................ 2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ........................................ 2

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013) ........................................ 4, 6

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ........................................ 2, 3

*Oakley, Inc. v. 5.11, Inc.*,
No. 11-2173, 2012 WL 1327796 (S.D. Cal. Apr. 17, 2012) ........................................ 6

*St. Clair Intellectual Prop. Consultants, Inc. v. Apple Inc.*,
C.A. No. 10-982 (LPS), 2011 WL 4571812 (D. Del. Sept. 30, 2011) ........................................ 5

*XPoint Techs., Inc. v. Microsoft Corp.*,
730 F. Supp. 2d 349 (D. Del. 2010) ........................................ 3

**RULES AND STATUTES**

Fed. R. Civ. P. 8 .......... 1, 2

Fed. R. Civ. P. 12(b)(6) .......... 1, 7

## I. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Custom Media Technologies, LLC ("Custom Media") filed this action against Defendant Comcast Corporation ("Comcast") on August 15, 2013, alleging that Comcast has infringed U.S. Patent No. 6,269,275 ("the '275 patent"). Comcast has moved to dismiss the Complaint (D.I. 1) for failure to state a claim. This is Comcast's Opening Brief in support of that motion.

## II. SUMMARY OF THE ARGUMENT

The Complaint should be dismissed because it fails to satisfy the pleading standards of Federal Rule of Civil Procedure 8(a) as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Indeed, the Complaint does not even satisfy the minimal requirement of Federal Rule of Civil Procedure Form 18 for patent infringement. Rather than identify any allegedly infringing service or method, Custom Media simply alleges infringement of "at least Claim 1 of the '275 patent" by quoting the language of Claim 1. (D.I. 1 ¶ 11.) That allegation does not satisfy Custom Media's obligation to provide Comcast with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (omission in original) (internal quotation marks omitted). Therefore, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## III. STATEMENT OF FACTS

Claim 1 of the '275 patent covers "[a] method for customizing and distributing presentations for user sites." '275 Patent col.8 ll.61-62. The Complaint then repeats the words of Claim 1, but does not identify the allegedly accused service or method. Instead, Custom Media's Complaint alleges that it owns the '275 patent and that Comcast has infringed "at least

Claim 1" of that patent by "using a method and system of customizing and distributing presentations for user sites." (D.I. 1 ¶ 11.)

Because Comcast could not understand what Custom Media alleged infringed the '275 patent, it sought clarification from Custom Media. On or about August 30, 2013, Comcast's counsel explained to Custom Media's counsel that Comcast did not understand what was accused of infringement and asked for further information. *See* Blumenfeld Decl. ¶ 2. On September 12, 2013, Comcast's counsel followed up by email. Blumenfeld Decl. ¶ 3. Custom Media has not responded to those requests. Blumenfeld Decl. ¶ 4. Thus, Custom Media has not explained in its Complaint or elsewhere what it alleges infringes the '275 patent.

## IV. ARGUMENT

### Custom Media Has Failed to State a Claim Upon Which Relief May be Granted

Motions to dismiss for failure to state a claim are governed by regional circuit law. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotation marks omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible."). Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (omission in original) (internal quotation marks omitted) (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684-85 (applying *Twombly* to civil actions pleaded under Rule 8).

Although "detailed factual allegations" are not required, a complaint must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In the patent context, a patentee must "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10). In determining whether a complaint alleging direct patent infringement is sufficiently pleaded, courts in this District have applied the standard the Federal Circuit set forth in *McZeal*, which, like Form 18, requires a plaintiff alleging direct infringement to provide the following:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (alteration in original) (internal quotation marks omitted).

Under that standard, however, a patentee must do more than allege that the defendant infringes by "'making, using, selling, and/or offering for sale products and methods covered by the claims of' the patents-in-suit." *XPoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353-54 (D. Del. 2010) (quoting *Fifth Mkt., Inc. v. CME Grp., Inc.*, C.A. No. 08-520 (GMS), 2009 WL 5966836, at *1 (D. Del. May 14, 2009)). A patentee must specify

"whether [it is] targeting either a product or a method" and is "obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." *Eidos*, 686 F. Supp. 2d at 467. Although Form 18 does not require "that a plaintiff identify an accused device by name," *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013), it does require an identification of "a general category of products," *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. Nos. 12-641 (LPS), 12-642 (LPS), 12-675 (LPS), 2013 WL 2293452, at *2 (D. Del. May 24, 2013).

In *Eidos*, for example, Judge Robinson granted a motion to dismiss where the plaintiffs alleged that "the technology at issue generally involves a communication system that employs products and/or methodologies to allow for the transmission and/or control of digitized voice data, as well as to allow for the transmission and/or control of message data, in communications applications such as, and by way of example only, messaging and telephony." 686 F. Supp. 2d at 466 (internal quotation marks omitted). The Court held that the "complaint at bar does not specify a product or method at all," as it gives only "examples of large technology areas, not genres of products." *Id.* at 468. The Court also noted that the plaintiffs failed to "settl[e] conclusively on whether they are targeting either a product or a method," and explained that the plaintiffs' use of "conditional language" "ha[d] not guided the course of discovery." *Id.* at 467, 469.

Similarly, in *Fifth Market*, Judge Sleet dismissed a patent infringement complaint that attempted to define the defendants' accused products by referring only to the claims of the patent-in-suit. 2009 WL 5966836, at *1. He noted that none of the claims in the complaint "contain any reference to a single infringing product or method. . . . Therefore, [the] complaint

fails to provide the . . . defendants with fair notice of the claims and grounds for their entitlement to relief, and the court will grant the . . . motion to dismiss." *Id.*

Here, Custom Media's sole allegation of infringement is as follows: "Comcast has infringed the '275 patent by using a method and system of customizing and distributing presentations for user sites that directly infringes at least Claim 1 of the '275 patent either literally or under the doctrine of equivalents." (D.I. 1 ¶ 11.) Custom Media's allegation is merely a repetition of the words of the preambles to Claims 1 and 13. *See* '275 Patent col. 8 ll.61-62, col.9 ll.45-46.[1] As in *Eidos*, such allegations do not provide Comcast with meaningful notice of what services or methods are actually accused of infringement. The allegation that Comcast is infringing by "using a method and system of customizing and distributing presentations for user sites," (D.I. 1 ¶ 11), is not a specification of "a general class of products or a general identification of the alleged infringing methods," *Eidos*, 686 F. Supp. 2d at 467.

Indeed, just as in *Fifth Market*, the Complaint is circular: it defines the accused service or method by the patent claim alleged to infringe. *Compare* '275 Patent col.8 ll.61-62 ("A method for customizing and distributing presentations for user sites . . . ."), *and id.* col.9 ll.45-46 ("A system for customizing and distributing presentations for user sites . . . ."), *with* D.I. 1 ¶ 11 ("Comcast has infringed the '275 patent by using a method and system of customizing and distributing presentations for user sites . . . ."). Comcast thus has no notice of what, if any, services or methods are accused of infringement. Nowhere in the Complaint does Custom Media identify any system or method operated or offered by Comcast, let alone one that allegedly infringes the '275 patent. *Cf. St. Clair Intellectual Prop. Consultants, Inc. v. Apple Inc.*, C.A.

---

[1] Those preambles in fact mimic the patent's title. *See* '275 Patent col.1 ll.1-3 ("Method and System for Customizing and Distributing Presentations for User Sites".).

No. 10-982 (LPS), 2011 WL 4571812, at *3 (D. Del. Sept. 30, 2011) (distinguishing *Fifth Market* because the plaintiff identified several of the defendant's products within the fact section of the complaint). Where, as here, the complaint alleges infringement by unspecified services or methods, it is legally insufficient to meet the required pleading standards. *See Eidos*, 686 F. Supp. 2d at 467, 469 (dismissing claims for direct infringement where the plaintiffs alleged the defendants' "communication system products and/or methodologies" infringed because "no category of product (or general identification of a process or method) [was] identified"); *see also Oakley, Inc. v. 5.11, Inc.*, No. 11-2173, 2012 WL 1327796, *3 (S.D. Cal. Apr. 17, 2012) (granting motion to dismiss because the complaint only alleged the defendant's infringing products were "eyewear," and the defendant had many models of eyewear); *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 609-269, 2010 WL 5175172, *1, 3 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss direct infringement claims because the complaint only alleged that the defendant was infringing the patent and failed to identify "any accused products, services, or methods or other infringing acts for the patent-in-suit").

Moreover, when requested to identify the allegedly infringing system or method, Custom Media did not do so or even respond. *See* Blumenfeld Decl. ¶¶ 2-4. The Complaint fails to provide the "touchstones of . . . notice and facial plausibility" that Form 18 requires. *K-Tech*, 714 F.3d at 1286. And Custom Media has declined to provide any information to cure that problem. The Complaint should be dismissed for failure to state a claim.[2]

---

[2] This Court also lacks personal jurisdiction over Comcast Corporation, which does not sell any products, or conduct any business in Delaware. That is another independent basis to dismiss the Complaint. Counsel for Custom Media, however, represented that it would agree to substitute the appropriate defendant for Comcast Corporation once it could be determined which Comcast entity is responsible for the allegedly infringing product or method (as yet unknown). *See* Blumenfeld Decl. ¶ 2. Thus, the parties have agreed to
(Continued . . .)

## V. CONCLUSION

For the foregoing reasons, Comcast respectfully requests that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Ethan H. Townsend (#5813)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
etownsend@mnat.com

*Attorneys for Comcast Corporation*

October 7, 2013
7594509.4

(. . . continued)
substitute another defendant for Comcast Corporation. In the event that Custom Media fails to honor that agreement, Comcast Corporation reserves the right to raise its lack of personal jurisdiction defense at that time.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 7, 2013, upon the following in the manner indicated:

Richard D. Kirk, Esquire *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
Vanessa R. Tiradentes, Esquire
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
*Attorneys for Plaintiff*

Robert E. Freitas, Esquire *VIA ELECTRONIC MAIL*
Craig R. Kaufman, Esquire
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
*Attorneys for Plaintiff*

/s/ *Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

7594509.4